Frances AARDEMA et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Nos. CV 73–642–HP, 73–566–HP
and 76–1008-HP.

United States District Court,
C. D. California.

June 10, 1977.

Stephen Acker, Pasadena, Cal., for plaintiffs-Aardema.

Marshall Filler, Deputy Atty. Gen., Dept. of Justice, Washington, D. C., Donald A. Fareed, Sp. Asst. to U. S. Atty., William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PREGERSON, District Judge.

On March 22, 1977, the court made its Findings of Fact and Conclusions of Law in these consolidated cases on the issue of liability. The court then ordered that the damage issues be tried. The court tried those issues on May 17, 18, 19, 20, and 25, 1977.

At trial, the Aardema family was represented by Stephen Acker and Harvey G. Cooper. The United States was represented by James Stotter, II, Assistant U. S. Attorney.

The court, having heard the evidence and argument of counsel, now makes its Findings of Fact and Conclusions of Law on the damage issues in the Aardema case No. 73–642–HP as follows:

## FINDINGS OF FACT

1. The decedent, Marvin Aardema, born June 26, 1920, left as his heirs:

 A. Frances Aardema, his wife, born April 13, 1925; the Aardemas were married on June 5, 1948;

 B. Gregory Aardema, his son, born April 8, 1952;

 C. Gary Aardema, his son, born April 2, 1954.

2. Decedent was an optical printer employed in the Film Industry as a member of the Film Technician's Union, Local 683. His promotion to Foreman was imminent. His future earnings would have increased at an average rate of at least six percent (6%) per annum over the balance of his work life expectancy to age 65.

3. A fair and reasonable interest factor—the present value discount rate—to determine the present value of the future lost income is five percent (5%).

4. The effective rate of taxation to be applied to decedent's future income is twenty-five percent (25%).

5. After deducting for self-consumption, had Marvin Aardema lived, the percentages of his income available for support of his family would have been:

 A. to May 1974, 75%;

 B. to May 1976, 70%;

 C. after May 1976, 60%.

6. The life expectancies of each heir were longer than that of the decedent whose life expectancy was at least 22.3 years as of the date of his death, September 9, 1971.

7. The past financial support from date of death to date of trial that the heirs would have received from decedent but for his death, after reduction for taxes and self-consumption, is $69,100.00.

8. The future financial support that said heirs would have received from decedent but for his death, after reduction to present value and after reduction for taxes and self-consumption, is $108,000.00.

9. Decedent was a loving and devoted father and husband. The pecuniary value of the society, comfort, care, protection and right to receive support is $364,000.00. Reasonable expenses incurred for funeral services are $1,809.14.

10. The court therefore awards $542,-909.14 as reasonable and just compensation for the pecuniary losses that the heirs have suffered by reason of the death of Marvin Aardema.

11. Deducted from this award is the sum of $244,309.11 representing the 45% comparative negligence factor attributed to decedent, resulting in a net award of $298,-600.03.

12. Among the widow and the two children, the following apportionment of the net award is fair and reasonable:

A. to Frances Aardema, two-thirds;

B. to Gregory Aardema, one-sixth;

C. to Gary Aardema, one-sixth.

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this court to be true in all respects.

From the foregoing facts the court concludes:

## CONCLUSIONS OF LAW

1. Under California law, in a wrongful death action, the heirs of the decedent are entitled to recover just and reasonable compensation for the pecuniary loss that each heir suffered because of the death of the decedent. In determining this pecuniary loss, the financial support that the heirs would have received from the decedent except for his death and the pecuniary value of the society, comfort, care, protection and right to receive support that said heirs lost by reason of decedent's death are to be considered in determining the amount of just and reasonable compensation.

2. The court holds that the California rules on indemnification and contribution, see California Code of Civil Procedure, §§ 875, 876, remain unaffected by the decision in *Li v. Yellow Cab,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975).

3. Judgment in favor of plaintiffs, Frances Aardema, Gregory Aardema, and Gary Aardema and against defendant United States of America shall be entered in the amount of $298,600.03.

4. Pursuant to 28 U.S.C. § 2411(b), the award shall bear interest at the rate of 4% from date of judgment.

5. Costs are awarded to plaintiffs.

6. Attorneys fees in the amount of 20% are approved.